UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. CUYLER,

    Plaintiff,

v.                                              CASE NO.: 6:11-cv-1225-ORL-31GJK

UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION, et al.,

    Defendants.
_____/

## **ORDER**

Alleging "discrimination," "conspiracy to commit fraud," and "civil rights violations" under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 242, and Bivens,[1] the pro se plaintiff sues (Doc. 1) both the Orlando Division of the United States District Court for the Middle District of Florida and seven district judges[2] in their individual and official capacity. The plaintiff demands $800,000,000 in damages. By two October 13, 2011, orders (Doc. 19) Judge Gregory A. Presnell recused and Chief Judge Conway recused and transferred

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Chief Judge Mark E. Fuller, Middle District of Alabama; Judge Mary S. Scriven, Middle District of Florida; Chief Judge Anne C. Conway, Middle District of Florida; Judge John Antoon, II, Middle District of Florida; Judge Gregory A. Presnell, Middle District of Florida; Magistrate Judge Gregory J. Kelly, Middle District of Florida; Magistrate Judge Karla R. Spaulding, Middle District of Florida.

(Doc. 20) the action to the Tampa Division. The defendants move (Doc. 16) to dismiss. The plaintiff responds (Doc. 18) in opposition and moves (Doc. 22) for disqualification.³

## Background

The lawsuit arises from judicial action by each defendant in connection with a series of lawsuits by the plaintiff against Florida, the "United States of State of Florida," the United States of America, a loan service provider, two law firms, two individuals, a bank, an insurance company, and eight judges—seven of whom appear as a defendant in this action.⁴

The series begins with a lawsuit (Cuyler v. Aurora Loan Services, LLC, 6:10-cv-1646-Orl-31GJK) before Judge Mary S. Scriven in the Orlando Division of the Middle District of Florida. Seeking $1,000,000, the plaintiff sued a loan services provider for allegedly bringing a frivolous foreclosure lawsuit against him. After a dismissal of the complaint without prejudice, the plaintiff moved for reconsideration, to disqualify Judge

---

³ Absent waiver or consent, sovereign immunity bars a suit against the United States. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Lee, 106 U.S. 196, 205 (1882). Although Bivens recognizes an implied cause of action against a federal employee in an individual capacity, sovereign immunity bars a suit against a federal officer and in which a plaintiff seeks damages from the public fisc. Dugan v. Rank, 372 U.S. 609, 620 (1963). Thus, to the extent the complaint seeks money damages against the Middle District of Florida and against each defendant judge in an official capacity, sovereign immunity bars jurisdiction. See FDIC, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").

Neither the federal government nor a federal officer is liable under Section 1983. Wheedlin v. Wheeler, 373 U.S. 647 (1963). Each defendant is a federal judge or a federal court, and therefore, no Section 1983 claim exists.

Seeking criminal charges, the plaintiff cites 18 U.S.C. § 242 as a basis for relief. Section 242 provides no private right of action, and the plaintiff cannot bring criminal charges through a private lawsuit. E.g., Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992); Powers v. Karen, 768 F. Supp. 46, 51 (E.D.N.Y. 1991).

⁴ A detailed history of the plaintiff's pestiferous and wasteful litigation appears in Cuyler v. Presnell, 6:11-cv-623-Orl-31DAB, Doc. 11.

Scriven, and for each judge in the Middle District of Florida to disclose "financial interests." Judge Scriven denied each motion as patently frivolous.

In response, the plaintiff sued (Cuyler v. Scriven, et al., 6:11-cv-87-MEF, Doc. 1) Judge Scriven and the state of Florida for alleged violations arising from the first lawsuit. The second suit was assigned within the Orlando Division to Judge John Antoon, II. After Judge Antoon recused, the case was assigned to the Middle District of Alabama's Chief Judge Mark E. Fuller. Chief Judge Fuller dismissed and held that absolute judicial immunity bars each claim.

Again, the plaintiff responded to an adverse ruling by filing a series of frivolous motions and another lawsuit, (Cuyler v. Fuller, et al., 6:11-cv-429-Orl-31GJK) this one against Judge Scriven, Chief Judge Anne C. Conway of the Middle District Florida, and Chief Judge Fuller. Like the second suit, absolute judicial immunity barred each claim. From nine lawsuits since November 5, 2010,[5] a clear pattern emerges:

> When a judge rules against them, the Plaintiff[] respond[s] by filing frivolous (and usually successive) motions seeking disqualification of that judge. When that tack fails, Plaintiff[] then file[s] a lawsuit against the judge, seeking exorbitant sums as damages, in retaliation for the adverse rulings. Then, Plaintiff[] return[s] [his] attention to the original case and argue[s] the judge cannot continue to preside over it because [he has] sued the judge. It is an understatement to characterize this course of action, repeated over and over again, as an abuse of the judicial system.[6]

---

[5] Cuyler v. Aurora Loan Servs., LLC, 6:10-cv-1646-Orl-35GJK (filed Nov. 5, 2010); Cuyler v. Wachovia Bank, et al., 6:11-cv-1-Orl-31GJK (filed Jan. 3, 2011); Cuyler v. Scriven, et al., 6:11-cv-87-MEF (filed Jan. 21, 2011); Cuyler v. Moran, et al., 6:11-cv-237-Orl-28GJK (filed Feb. 14, 2011); Cuyler v. Fuller, et al., 6:11-cv-429-Orl-35GJK (filed Mar. 22, 2011); Cuyler v. Presnell, et al., 6:11-cv-623-Orl-22DAB (filed Apr. 18, 2011); Cuyler v. Antoon, et al., 6:11-cv-861-Orl-31GJK (filed May 23, 2011); Cuyler v. Aurora Loan Services, et al., 6:11-cv-1006-Orl-31GJK (filed June 17, 2011); Cuyler v. United States District Court, Middle District of Florida, Orlando Division, et al., 6:11-cv-1225-Orl-31GJK (filed July 25, 2011).

[6] The August 4, 2011, order (6:11-cv-623-Orl-22DAB, Doc. 11) (Conway, C.J.) requires pre-screening of complaints filed by the plaintiff:

(continued...)

This action precisely fits within the pattern. The complaint accuses the defendants of numerous "violations," which allegedly arise from previous lawsuits and which include treason, "willfully and intentionally" dismissing valid complaints, ignoring "rules and laws," "intervening and taking over the cases and answering motions and objections for defendants," directing the clerk to close cases, instructing the U.S. Marshal to escort the plaintiff "from the time he enters the courthouse until the time he exit [sic] the courthouse," "answering their own motions to disqualify," "threatening [the] plaintiff" with sanctions, and refusing hearings. Each allegation of illegality wholly lacks factual detail and coherence; only a set of generalities remains.

### Absolute Immunity

Absolute immunity protects a judge performing a judicial act from a suit for monetary damages. Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Bradley v. Fisher, 80 U.S. 335 (1871). Absolute immunity obtains despite an allegation that the judge acted maliciously or corruptly. Bradley, 80 U.S. at 347 ("The purity of [a judge's] motives cannot . . . be the subject of judicial scrutiny."); Pierson, 386

---

⁶(...continued)
Henceforth, any complaint [the plaintiff] present[s] to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Rather than filing the complaint and opening a new case, the Clerk's Office shall forward it to the senior Magistrate Judge in the Orlando Division for review and screening. The Magistrate Judge will determine whether the complaint has arguable merit; that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint shall be permitted. . . . Upon a finding that a tendered complaint lacks arguable merit, [the plaintiff] shall be subject to a monetary sanction in the amount of $500.00 per case and/or such other sanctions as the Court deems appropriate. . . . The remedial measures imposed by this Order are in no way intended to restrict the other judges' authority to impose sanctions, if appropriate, in the cases [the plaintiff has] already filed in this Court.

Because the order applies prospectively, this action, filed on July 25, 2011, escaped pre-screening.

U.S. at 554 ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). An act by a judge is a "judicial act" if (1) "it is a function normally performed by a judge" and (2) the parties dealt with the judge in his official capacity." Stump, 435 U.S. at 361.

Each alleged violation occurred in a judicial setting, as a consequence of a case pending before each respective judge, and by virtue of a necessary judicial function. Each alleged violation arose from an order of a court—a "paradigmatic" judicial act—as an immediate consequence of the plaintiff's appearance. See Forrester v. White, 484 U.S. 219, 227 (1988). Accordingly, absolute judicial immunity requires dismissal.[7]

### Disqualification

True to his established pattern, the plaintiff seeks disqualification and alleges that "Judge Steven Douglas Merryday [might] discriminate against and punish plaintiff for filing a lawsuit against his friend Judge Anne C. Conway and other judges of this court." Under 28 U.S.C. § 455(a), "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." See also Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); Canon 3(C)(1) of the Code of Conduct for United States Judges. Under a heading entitled "Civil Actions Against Other Judges on the Assigned Judge's Court," the Committee on Codes of Conduct's Advisory Opinion 103 explains:

---

[7] The Eleventh Circuit recognizes that "the doctrine of absolute judicial immunity serves to protect federal judges from injunctive relief as well as money damages." Bolin v. Story, 225 F.3d 1234, 1240-42 (11th Cir. 2000). To the extent that the plaintiff seeks injunctive or declaratory relief, absolute judicial immunity also bars those claims.

- 5 -

> If one or more of an assigned judge's judicial colleagues – but not the assigned judge – is named as a defendant in a civil action, the assigned judge need not automatically recuse from the case. This situation is governed by Canon 3C(1)'s general admonition against presiding over cases in which "the judge's impartiality might reasonably be questioned." Whether it would be appropriate for a judge to handle a matter naming judicial colleagues depends on the surrounding circumstances, including the factors identified above.
>
> In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds. Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate. Thus, the mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the district or on the court under Canon 3C(1).

Reasonableness governs. An inquiry requires the question "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)). Factors include the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge, and "any other circumstance[] that might provide a reasonable ground for questioning the impartiality of the assigned judge." Advisory Opinion 103 (June 2009).

Other than the senior judges and a magistrate judge, the defendant sues each judge in the Orlando Division (and, purportedly, the Division itself). When an earlier lawsuit was transferred to the Middle District of Alabama's Chief Judge Fuller, the plaintiff responded by suing Chief Judge Fuller. The present suit and motion to disqualify a newly assigned judge merely follow slavishly the plaintiff's established game

plan of abuse, vexation, and frivolity, a game plan neither clever, nor amusing, nor tolerable, nor finally successful.

In light of the established pattern of vexing litigation and the patently frivolous complaint, no objective, disinterested, lay observer would reasonably question impartiality. The plaintiff presents no reasonable ground for disqualification and none otherwise appears. See Advisory Opinion No. 103 (June 2009) ("Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary.").

Conclusion

The plaintiff's lawsuit lacks merit, wholesome purpose, and even originality. Advisory Opinion 103 (June 2009) ("Some litigants file repeated complaints naming the original judge, while others name additional judges with each succeeding setback. Occasionally, lawsuits are initiated naming all judges of a court."). Through nine lawsuits the plaintiff wastes both $3,150 in filing fees and a formidable aggregation of judicial resources acquired with tax revenue from the already burdened taxpayer. The federal judiciary—maintained to ensure "the just, speedy, and inexpensive determination" of legitimate grievances—will not countenance further the provocations and whims of this frivolous litigant.

The plaintiff's motion for disqualification (Doc. 22) is **DENIED**. The defendants' motion to dismiss (Doc. 16) is **GRANTED**, and the complaint (Doc. 1) is **DISMISSED**

**WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on November 14, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE